UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA MARIE MALOUF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 17-10941-LTS |
| | ) |
| STEPHEN M. BENSON, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

October 19, 2017

SOROKIN, J.

For the reasons set forth below, the court: (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) denies the plaintiff's motion for appointment of counsel; and (3) orders the plaintiff to amend her complaint within 28 days of the date of this Order.

I.  BACKGROUND

On May 22, 2017, Linda Marie Malouf ("Malouf"), a California resident, brought this action pursuant to G.L. c. 260, § 4C, based on the Court's diversity jurisdiction. *See* Complaint ("Compl."). Malouf seeks monetary damages from the two defendants. *Id.* The named defendants are the Marshfield School District in Marshfield, Massachusetts, and Stephen M. Benson of Pennsylvania. *Id.*

With her complaint, Malouf filed a motion for leave to proceed *in forma pauperis* and for appointment of counsel. *See* Docket Nos. 2, 3.

II.   DISCUSSION

   A.   Plaintiff's Motion to Proceed *In Forma Pauperis*

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that she has shown that she is without assets to pay the filing fee. Accordingly, the motion is allowed. *See* 28 U.S.C. § 1915(a).

   B.   Screening of the Action

When a plaintiff is allowed to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915(e). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Even under a liberal reading, however, the complaint is deficient and will need to be amended for the Court to properly screen it pursuant to 28 U.S.C. §1915(e)(2).

   B.   Plaintiff's Complaint Fails to Comply with the Basic Rules of Pleading

Plaintiff's complaint does not comport with the basic pleading requirements of the Federal Rules of Civil Procedure and must be amended. "The Federal Rules of Civil Procedure require that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Federal Rule of Civil Procedure 8(a), a plaintiff must allege claims in a way that gives the defendants fair notice of what the claims are and the grounds for those claims. *Ruiz-Rosa v. Rullán*, 485 F.3d 150, 154–55 (1st Cir 2007) (citing *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir.2006)). The complaint "must 'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Ruiz-Rosa*, 485 F.3d at 154 (quoting *Educadores Puertorriquñeos en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).

Other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint include Rules 10 and 20. Rule 10 requires plaintiff to state her claims "in numbered paragraphs, each limited as practicable to a single set of circumstances", and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count…" Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Here, Malouf used the pre-printed form, Pro Se 1 (Complaint for a Civil Case), that is provided by the Administrative Office of the United States Courts. *See* Compl., Docket No. 1. Malouf clearly identifies the parties and the relief sought on the five-page form. *Id.* She indicates diversity jurisdiction based on "loss of career, emotional distress, physical injury, severe PTSD [and] clinical depression." *Id.* at ¶ II(B)(3). However, the five-page complaint, standing alone, does not include any factual allegations upon which plaintiff's claims are based. Even with a lenient reading of the complaint, it does not comport with Rule 8 because it fails to provide sufficient factual information.

Malouf's factual allegations against the defendants are found in a forty-eight page document entitled "statement of claim." *See* Compl., Docket No. 1-1. Malouf's "statement of claim" is submitted as an attachment to the complaint. *Id.* Instead of writing a short and plain statement of her claim in the complaint, Malouf simply writes "see attached statement of claim in form of response to a questionnaire from Mitchell Garabedian." *See* Compl., at ¶ III (statement of claim). Despite the fact that the "the statement of claim" is of considerable length, it does not conform to the pleading requirements of the Federal Rules of Civil Procedure.

3

C. Plaintiff will be Provided an Opportunity to Amend the Complaint

If Malouf wishes to pursue this action, she must file an amended complaint that clearly identifies who the defendants are, what each defendant did wrong, and the legal claim against each party. As an amended complaint completely supercedes the original complaint, *see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011), Malouf should repeat in an amended complaint anything from the original complaint and "statement of claim" that she wishes to be part of the amended complaint. In other words, in evaluating the sufficiency of the amended complaint, the court will not look to the original complaint and the accompanying "statement of claim."

Accordingly, within 28 days of the date of this Memorandum and Order, the plaintiff shall file an amended complaint setting forth claims upon which relief may be granted. The amended complaint should focus on the legal claims against each defendant and the factual basis for such claims. In other words, plaintiff should set forth at least minimal facts as to who did what to whom, when, where, and why. Plaintiff should also not assert multiple causes of action against a defendant in one count; rather, she should identify separately each cause of action and the grounds therefor.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's motion to appoint counsel is denied without prejudice. Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Because the Defendants have not responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel. The Plaintiff may renew her motion after the Defendants have responded to the complaint.

3. Plaintiff shall amend her complaint, as set forth herein, within 28 days of the date of entry of this Memorandum and Order.

4. Failure to comply with this Order will likely result in the dismissal of this action.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge